**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>EARL ALEXANDER STONE,<br><br>      Defendant. | **No. 10-CR-4085-DEO**<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |

### I. INTRODUCTION AND BACKGROUND

On September 23, 2010, a one count Indictment with forfeiture allegation (Docket No. 2) was returned in the above-referenced case.

Count 1 of the Indictment charges that between about February 1, 2009, and March 23, 2010, in the Northern District of Iowa and elsewhere, defendant, Earl Alexander Stone, knowingly and unlawfully combined, conspired, confederated, and agreed with other persons, known and unknown to the Grand Jury, to:

(1) manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

(2) distribute 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

(3) manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1000 feet of the Laurens-Marathon Elementary School, Laurens, Pocahontas County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 860(a);

(4) distribute 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1000 feet of the Laurens-Marathon Elementary School, Laurens, Pocahontas County, Iowa, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), and 860(a);

(5) distribute pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(2); and

(6) possess pseudoephedrine, a List I chemical, with intent to manufacture methamphetamine, a Schedule II

controlled substance, in violation of Title 21, United States Code, Section 841(c)(1);

after defendant, Earl Alexander Stone, was previously convicted of at least one felony drug offense, to-wit: on February 3, 1998, defendant, Earl Alexander Stone, was convicted in the Nevada District Court for Clark County, of the felony crime of Trafficking in Controlled Substance (Methamphetamine), in Case Number C147054X.

This was in violation of Title 21, United States Code, Sections 846, 851, and 860(a).

The Indictment also contains a forfeiture allegation stating:

> Upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Indictment, defendant Earl Alexander Stone shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner, or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

MONEY JUDGMENT

A sum of money equal to $10,000 in United States currency, representing the amount of proceeds generated from illegal activity.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

1) Cannot be located upon the exercise of due diligence;

2) has been transferred or sold to, or deposited with, a third party;

3) has been placed beyond the jurisdiction of the court;

4) has been substantially diminished in value; or

5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

On February 3, 2011, defendant Earl Alexander Stone appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the Indictment.

The Report and Recommendation (Docket No. 26, 02/03/2011), states that the Defendant is pleading guilty

pursuant to a plea agreement (Docket No. 29), and Chief United States Magistrate Judge Paul A. Zoss recommends that defendant Earl Alexander Stone's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review to accept defendant Earl Alexander Stone's plea in this case.

## II.   ANALYSIS

### A.   Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).  Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific

> written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

As mentioned, no objections to the Report and Recommendation have been filed, and it appears to the Court upon review of Chief Magistrate Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 26), and accepts defendant Earl Alexander Stone's plea of guilty in this case to Count 1 of the Indictment (Docket No. 2).

**IT IS SO ORDERED** this 5th day of April, 2011.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa